IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| PATRICK GLEASON, | 08-CV-552-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| JEFF C. GILMOUR, TODD M. THORNE, LISA S. METCALF, JULIANNE R. DAVIS, KERRY JOHNSON, JODIE HANSON, BOB BLAIR, MICHAEL TWIGGS, STEVE BREWSTER, and STAN ROMAN, | |
| Defendants. | |

SCOTT P. MONFILS
Hitt Hiller & Monfils LLP
411 S.W. Second Avenue
Suite 400
Portland, OR 97204
(503)228-8870

    Attorneys for Plaintiff

1 - OPINION AND ORDER

**HARDY MYERS**
Attorney General
**JAMES S. SMITH**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301
(503) 378-6313

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion (#19) to Abate Based Upon *Younger* Abstention Doctrine.  For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

      The following facts are taken from Plaintiff's Amended Complaint.

      Plaintiff Patrick Gleason obtained a racing license from the Oregon Racing Commission.  The license expired in 1994.

      On May 15, 2004, Plaintiff completed a Multi-Jurisdictional License Application with the Oregon Racing Commission (ORC) to renew his racing license.  Plaintiff completed the Application and provided additional answers to questions on a separate sheet of paper, which he attached to the Application.

      One or two weeks after Plaintiff submitted his Application, Plaintiff alleges he was contacted by an employee of the ORC who asked Plaintiff questions about his Application.  Plaintiff

2 - OPINION AND ORDER

alleges the ORC employee changed some of the answers that Plaintiff provided on his Application.

On May 6, 2006, one of Plaintiff's horses won the Oregon Derby.  On May 9, 2006, Plaintiff received a Notice to Appear before the ORC's Board of Stewards.  The Notice contained allegations that Plaintiff did not fully disclose his prior arrest and conviction record or his previous "record of rulings" on his Application.

On May 24, 2006, Plaintiff appeared before the Board of Stewards.  At some point after the hearing, the Board of Stewards advised Plaintiff that his racing license had been suspended and that the Board of Stewards intended to refer the matter to the ORC for revocation of Plaintiff's racing license.

Plaintiff appealed the decision and sought a stay of the suspension.  The ORC denied Plaintiff's request for a stay and referred Plaintiff's appeal to an Administrative Law Judge (ALJ) for a hearing.

The ALJ took evidence and concluded Plaintiff's license should be suspended.  Plaintiff filed "exceptions" to the ALJ's decision and appealed the matter to the ORC.  The ORC denied Plaintiff's appeal and recommended revocation of Plaintiff's license in a proposed order.

Plaintiff appealed the ORC's proposed order.  On June 28, 2007, the ORC issued a final order revoking Plaintiff's racing

3 - OPINION AND ORDER

license.

On August 17, 2007, Plaintiff filed an appeal of the ORC's final decision with the Oregon Court of Appeals. Plaintiff's appeal is pending.

Nevertheless, Plaintiff filed an action in Multnomah County Circuit Court on April 17, 2008, against the State of Oregon through the ORC and two stewards, the Executive Director, the Chief Investigator, another investigator, and various members of the ORC. In his Complaint, Plaintiff alleged Defendants violated his rights under 42 U.S.C. § 1983 when they "willfully, knowingly and intentionally suspended and revoked plaintiff's racing license."

On May 7, 2008, Defendants removed the action to this Court on the basis of federal-question jurisdiction.

On May 30, 2008, Plaintiff filed an Amended Complaint to include a request to remove the State of Oregon as a Defendant in this matter.

On September 19, 2008, Defendants filed a Motion to Abate Based Upon *Younger* Abstention Doctrine.

## **STANDARDS**

Under principles of comity and federalism, a federal court should not interfere with ongoing state proceedings by granting declaratory or injunctive relief absent extraordinary

4 - OPINION AND ORDER

circumstances. *Younger v. Harris*, 401 U.S. 37, 43-54 (1971). "Under *Younger* and its progeny, federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism." *Kleenwell Biohazard Waste & Gen. Ecology Consultants, Inc. v. Nelson*, 48 F.3d 391, 393 (9th Cir. 1995)(citing *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626-27(1986)). *See also Samuels v. Mackell*, 401 U.S. 66, 68-74 (1971).

To determine when abstention is proper the court must examine

> (1) [t]he nature of the state proceedings in order to determine whether the proceedings implicate important state interests, (2) the timing of the request for federal relief in order to determine whether there are ongoing state proceedings, and (3) the ability of the federal plaintiff to litigate its federal constitutional claims in state proceedings.

*Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003)(quoting *Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir. 1992)). "[A]n exception [to the *Younger* Abstention Doctrine] applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate.'" *Id*. (quoting *Kenneally*, 967 F.2d at 332).

"*Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated

5 - OPINION AND ORDER

would have the same practical effect as a declaration or injunction on pending state proceedings." *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

If a court finds abstention appropriate under *Younger* in an action for damages, the court "should . . . stay [the action] until the state proceedings are completed" because under those circumstances "*Younger* only precludes, but does not delay, the federal court action." *Id*. at 968-69 (citations omitted).

## DISCUSSION

Defendants seek an order abating the proceedings in this matter on the ground that the *Younger* Abstention Doctrine applies because (1) the state proceedings implicate the important state interest of horse racing and licensing for horse racing; (2) Plaintiff filed an appeal in the Oregon Court of Appeals eight months before he filed this action, and the state-court matter remains pending; and (3) Plaintiff can litigate his § 1983 claims in the state-court action.

Although Plaintiff does not dispute Defendants' arguments, Plaintiff asserts the bad-faith exception to the *Younger* Abstention Doctrine applies here.  Plaintiff relies on *Dombrowski v. Pfister*, 380 U.S. 479 (1965), to support his assertion.

In *Dombrowski*, the plaintiffs filed a civil-rights action seeking an injunction restraining the defendants from prosecuting

6 - OPINION AND ORDER

or threatening to prosecute the plaintiffs for alleged violations of Louisiana's Subversive Activities and Communist Control Law and Community Propaganda Control Law on the grounds that those laws violated the First and Fourteenth Amendments to the United States Constitution on their face.  *Id*. at 490.  The district court concluded the plaintiffs did not establish a threatened irreparable injury to federal rights that warranted intervening in the state criminal proceedings.  The court also found the matter was appropriate for abstention because the state courts might narrow the construction of the Louisiana statutes at issue, and, therefore, the district court would avoid an unnecessary decision of constitutional questions.  *Id*. at 483.  The Supreme Court reversed the decision of the district court and concluded

> the abstention doctrine is inappropriate for cases such as the present one where, unlike *Douglas v. City of Jeannette*, statutes are justifiably attacked on their face as abridging free expression, or as applied for the purpose of discouraging protected activities.

*Id*. at 489-90.

The Supreme Court also stated the plaintiffs

> attacked the good faith of the [defendants] in enforcing the statutes, claiming that they have invoked, and threaten to continue to invoke, criminal process without any hope of ultimate success, but only to discourage appellants' civil rights activities.  If these allegations state a claim under the Civil Rights Act, 42 U.S.C. § 1983, as we believe they do, . . . the interpretation ultimately put on the statutes by the state courts is irrelevant.  For an interpretation rendering the statute inapplicable

7 - OPINION AND ORDER

> to SCEF would merely mean that appellants might
> ultimately prevail in the state courts.  It would
> not alter the impropriety of appellees' invoking
> the statute in bad faith to impose continuing
> harassment in order to discourage appellants'
> activities, as appellees allegedly are doing and
> plan to continue to do.

*Id*. at 490.  The Court reached its conclusion in the context of whether the plaintiffs had stated a claim under § 1983 and established a sufficient threat of irreparable injury as required by "traditional doctrines of equity" rather than in the context of abstention.

    Here Plaintiff challenges Defendants' enforcement of the regulations under which Defendants suspended and revoked his license rather than the regulations on their face.  Thus, the exception to the *Younger* Abstention Doctrine announced in *Dombrowski* does not apply to this matter nor does it provide guidance in this context.

    As noted, courts also have found "an exception [to the *Younger* Abstention Doctrine] applies if the state proceedings demonstrate 'bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate.'" *Baffert*, 332 F.3d at 617 (quoting *Kenneally*, 967 F.2d at 332).  The Ninth Circuit has noted bad faith in the context of the *Younger* Abstention Doctrine "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction."  *Id*. at 617 (quotation omitted).  In *Baffert*,

8 - OPINION AND ORDER

the California Horse Racing Board suspended the plaintiff's racing license.  While the plaintiff's appeal of that decision was pending, the plaintiff filed an action in federal court under § 1983 seeking to enjoin the state proceedings on the ground that the California Horse Racing Board had failed to preserve evidence to which the plaintiff was constitutionally entitled.  *Id*. at 616.  The district court found the *Younger* Abstention Doctrine did not apply because it concluded the Board prosecuted the plaintiff in bad faith.  On appeal, however, the Ninth Circuit found the bad-faith exception to the *Younger* Abstention Doctrine was not appropriate under the circumstances because the Board had a reasonable expectation of obtaining a valid conviction against the plaintiff.  *Id*. at 612.  The Ninth Circuit, therefore, reversed and remanded with instructions to dismiss the case on the ground that the *Younger* Abstention Doctrine applied.  *Id*.  Specifically, the court noted the Board had before it the results of a urine test administered to the plaintiff's horse that reflected the presence of morphine.  *Id*.  The court, therefore, concluded there was sufficient evidence to create a reasonable expectation by the Board of obtaining a valid "conviction" for violation of California racing regulations even though the plaintiff asserted such a small amount of morphine was present that it was likely due to environmental contamination.  *Id*.

    Here Plaintiff asserts an "employee" of the ORC changed his

9 - OPINION AND ORDER

answers on his Application for a racing license, which caused Defendants to have before them an application that contained false answers to questions regarding Plaintiff's prior history and convictions.  Plaintiff, however, does not allege any Defendant changed the answers on Plaintiff's Application or that Defendants were aware of the alleged alteration of the answers on Plaintiff's Application.

Based on this record, the Court concludes the fact that the Board had before it Plaintiff's Application containing incorrect answers to certain questions was sufficient to create a reasonable expectation by Defendants of obtaining a valid "conviction" against Plaintiff for providing false answers on his Application.  *See* Or. Rev. Stat. § 462.075(3)(f)("The [ORC] may refuse to issue or renew a license to any person who has made a false statement of a material facts to the [ORC].").

Accordingly, the Court concludes the bad-faith exception to the *Younger* Abstention Doctrine does not apply here and that abstention is appropriate in this matter.  The Court, therefore, grants Defendants' Motion to Abate and holds this matter in abatement pending conclusion of the state-court proceedings.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#19) to Abate Based Upon *Younger* Abstention Doctrine and **ORDERS** this

10 - OPINION AND ORDER

matter **ABATED** pending conclusion of the state-court proceedings.

IT IS SO ORDERED.

DATED this 5th day of November, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER