IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**PATRICK GLEASON,**    08-CV-552-BR

      Plaintiff,    OPINION AND ORDER

v.

**JEFF C. GILMOUR, TODD M. THORNE, LISA S. METCALF, JULIANNE R. DAVIS, KERRY JOHNSON, JODIE HANSON, BOB BLAIR, MICHAEL TWIGGS, STEVE BREWSTER, and STAN ROMAN,**

      Defendants.

**PATRICK GLEASON**
P.O. Box 175
Gazelle, CA 96034
(530) 949-1719

      Plaintiff, *Pro Se*

1 - OPINION AND ORDER

**JOHN KROGER**
Attorney General
**JAMES S. SMITH**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301
(503) 378-6313

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion (#47) for Summary Judgment. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

### BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint.

Plaintiff Patrick Gleason's racing license from the Oregon Racing Commission expired in 1994.

On May 15, 2004, Plaintiff completed a Multi-Jurisdictional License Application with the Oregon Racing Commission (ORC) to renew his racing license. Plaintiff completed the Application and provided additional answers to questions on a separate sheet of paper, which he attached to the Application.

One or two weeks after Plaintiff submitted his Application, Plaintiff alleges he was contacted by an employee of the ORC who asked Plaintiff questions about his Application. Plaintiff

2 - OPINION AND ORDER

alleges the ORC employee changed some of the answers that Plaintiff provided on his Application.

On May 6, 2006, one of Plaintiff's horses won the Oregon Derby. On May 9, 2006, Plaintiff received a Notice to Appear before the ORC's Board of Stewards. The Notice contained allegations that Plaintiff did not fully disclose his prior arrest and conviction record or his previous "record of rulings" on his Application.

On May 24, 2006, Plaintiff appeared before the Board of Stewards. At some point after the hearing, the Board of Stewards advised Plaintiff that his racing license had been suspended and that the Board of Stewards intended to refer the matter to the ORC for revocation of Plaintiff's racing license.

Plaintiff appealed the decision and sought a stay of the suspension. The ORC denied Plaintiff's request for a stay and referred Plaintiff's appeal to an Administrative Law Judge (ALJ) for a hearing.

The ALJ took evidence and concluded Plaintiff's license should be suspended. Plaintiff filed "exceptions" to the ALJ's decision and appealed the matter to the ORC. The ORC denied Plaintiff's appeal and recommended revocation of Plaintiff's license in a proposed order.

Plaintiff appealed the ORC's proposed order. On June 28, 2007, the ORC issued a final order revoking Plaintiff's racing

3 - OPINION AND ORDER

license.

On August 17, 2007, Plaintiff appealed the ORC's final decision with the Oregon Court of Appeals pursuant to Oregon Revised Statute § 183.482.

While Plaintiff's appeal was pending, Plaintiff filed an action in Multnomah County Circuit Court on April 17, 2008, against the State of Oregon through the ORC and two stewards, the Executive Director, the Chief Investigator, another investigator, and various members of the ORC.  In his Complaint, Plaintiff alleged Defendants violated his rights under 42 U.S.C. § 1983 when they "willfully, knowingly and intentionally suspended and revoked plaintiff's racing license."

On May 7, 2008, Defendants removed the action to this Court on the basis of federal-question jurisdiction.

On May 30, 2008, Plaintiff filed an Amended Complaint to include a request to remove the State of Oregon as a Defendant in this matter.

On September 19, 2008, Defendants filed a Motion to Abate Based Upon *Younger* Abstention Doctrine.

On November 5, 2008, the Court granted Defendants' Motion to Abate and ordered this matter abated pending conclusion of Plaintiff's appeal before the Oregon Court of Appeals.

On January 6, 2010, the Oregon Court of Appeals affirmed the decision of the ORC and dismissed Plaintiff's appeal.

4 - OPINION AND ORDER

On August 13, 2010, Defendants filed a Motion for Summary Judgment as to Plaintiff's claims.[1]  Plaintiff did not file a response to Defendants' Motion.

## STANDARDS

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact.  *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).  In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial.  *Id*.

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Id*.  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence

---

[1] On August 17, 2010, the Court issued a Summary Judgment Advice Notice to Plaintiff advising him that if he did not submit evidence in opposition to Defendants' Motion for Summary Judgment, summary judgment would be entered against him if it was appropriate.

5 - OPINION AND ORDER

as to material issues." *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citing *Sherman Oaks Med. Arts Ctr., Ltd. v. Carpenters Local Union No. 1936,* 680 F.2d 594, 598 (9th Cir. 1982)).

A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *Wong v. Regents of Univ. of Cal.*, 379 F.3d 1097 (9th Cir. 2004), *as amended by* 410 F.3d 1052, 1055 (9th Cir. 2005) (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1149 (9th Cir. 1998)).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id*.

## DISCUSSION

Defendants move for summary judgment as to Plaintiff's claims on the grounds that they are barred by claim preclusion or, in the alternative, that Plaintiff has not pointed to evidence sufficient to withstand summary judgment as to his

claims for violation of his rights to due process and equal protection.

Defendants move for summary judgment as to Plaintiff's claims on the ground that they are precluded by the doctrine of claim preclusion or *res judicata* because Plaintiff seeks to bring claims in this action that he could have raised in his administrative proceedings before the ORC and in his appeal of those proceedings before the Oregon Court of Appeals.

"Res judicata, or claim preclusion, 'bars any lawsuits on any claims that were raised or could have been raised in a prior action.'"  *F.T.C. v. Garvey,* 383 F.3d 891, 897 (9th Cir. 2004) (quoting *Providence Health Plan v. McDowell*, 361 F.3d 1243, 1249 (9th Cir. 2004)).  Claim preclusion has the effect of "foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Gospel Missions of Am. v. City of Los Angeles,* 328 F.3d 548, 553 (9th Cir. 2003)(citing *Migra v. Warren City Sch. Dist. Bd. of Educ.,* 465 U.S. 75, 77 n.1 (1984)).

Federal courts must apply the law of the forum state when determining whether to give preclusive effect to state court judgments.  *See Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 84 (1984).  *See also Harrington v. Ward*, No. 06-460-CL, 2007 WL 2816214, at *4 (D. Or. Sept. 27, 2007)("When the prior action is a state court judgment, federal courts must apply the

7 - OPINION AND ORDER

preclusion rules of the state that entered the judgment."). Similarly, federal courts must apply the law of the forum state when determining whether to give preclusive effect to state administrative determinations. *Univ. of Tn. v. Elliott*, 478 U.S. 788, 799 (1986). Accordingly, the Court applies Oregon law to determine whether to give preclusive effect to the decisions of the ORC and to the Oregon Court of Appeals affirming the ORC's decision.

Under Oregon law,

> "a plaintiff who has prosecuted one action against a defendant through to a final judgment binding on the parties is barred on *res judicata* grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

*Harrington*, 2007 WL 2816214, at *4 (quoting *Bloomfield v. Weakland*, 339 Or. 504, 510-11 (2005)). In *Bloomfield* the court noted "[t]he [claim preclusion] rule forecloses a party that has litigated a claim against another from further litigation on that same claim *on any ground or theory of relief* that the party could have litigated in the first instance." 339 Or. at 511 (emphasis added)(citing *Dean v. Exotic Veneers, Inc.*, 271 Or. 188, 194 (1975)).

In addition, "[f]or a prior action to have preclusive effect, the defendants in each action do not have to be

8 - OPINION AND ORDER

identical, rather it is enough that they were in privity." *Harrington*, 2007 WL 2816214, at *4 (citing *Bloomfield*, 339 Or. at 511; *Secor Invs., LLC v. Anderegg*, 188 Or. App. 154, 166-67 (2003); and *Gwynn v. Wilhelm*, 226 Or. 606, 607 (1961)). "For the purpose of claim preclusion, employees are considered to be in privity with their employers." *Id*. (citing *Howard v. Lacy*, No. 04-CV-627-BR, 2007 WL 270434, at *6 (D. Or. Jan. 25, 2007)). *See also Vilches v. Multnomah Educ. Serv. Dist.*, No. 02-CV-294-AS, 2004 WL 1662074, at *13 (D. Or. May 5, 2004), *adopted by Order*, 2004 WL 1661986 (D. Or. July 23, 2004)(district employees named as defendants could have been named in appeal to Oregon Court of Appeals for review of agency action because the district is only able to act through the individual defendants, and, therefore, there was privity between the parties).

Oregon courts have "given preclusive effect to necessary findings of administrative agencies where the parties had a full opportunity and the incentive to be heard on a record that was subject to judicial review." *Harringon*, 2007 WL 2816214, at *4 (citing *Stanich v. Precision Body and Paint, Inc.*, 151 Or. App. 446, 455 (1997), *abrogated on other grounds by Barackman v. Anderson*, 214 Or. App. 660 (2007); *Chavez v. Boise Cascade Corp.*, 307 Or. 632, 635 (1989); and *Drews v. EBI Cos.*, 310 Or. 134, 142 (1990)).

Here Plaintiff prosecuted an action against the ORC through

9 - OPINION AND ORDER

to a final judgment and now seeks to bring claims against Defendants who are employees of the ORC, and, therefore, in privity with the ORC, that Plaintiff could have brought in the proceedings before the ORC and the Oregon Court of Appeals. Courts have held plaintiffs can bring constitutional claims before the Oregon Court of Appeals when challenging the decision of an Oregon administrative agency such as the ORC. *See, e.g.*, *Gilbertson v. Albright*, No. CV 01-6282-HO, 2005 WL 2044006, at *3 (D. Or. Aug. 23, 2005)("Plaintiff could have raised his equal protection and First Amendment claims before the Oregon Court of Appeals and did raise a due process claim before that state court. *See* ORS § 183.482(8)(b)(C)(the court shall remand to the agency if it finds that the agency's exercise of discretion was in violation of a constitutional or statutory provision)."); *Gregg v. Or. Racing Comm'n*, 38 Or. App. 19 (1979)(the plaintiff appealed an order of the ORC suspending his horse owner's license on the ground that the order was invalid due to lack of substantial evidence and denial of due process).

  On this record, the Court concludes Plaintiff is barred by the doctrine of claim preclusion from bringing this action against Defendants. Accordingly, the Court grants Defendants' Motion for Summary Judgment.

  Because the Court concludes Plaintiff's claims are barred by the doctrine of claim preclusion, the Court does not address

10 - OPINION AND ORDER

Defendants' alternative ground for summary judgment.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#47) for Summary Judgment and **DISMISSES** this matter **with prejudice.**

IT IS SO ORDERED.

DATED this 3rd day of December, 2010.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge