IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


**PATRICK GLEASON,**                           08-CV-552-BR

        Plaintiff,                    OPINION AND ORDER

v.

**JEFF C. GILMOUR, TODD M.
THORNE, LISA S. METCALF,
JULIANNE R. DAVIS, KERRY
JOHNSON, JODIE HANSON, BOB
BLAIR, MICHAEL TWIGGS, STEVE
BREWSTER, and STAN ROMAN,**

        Defendants.


**PATRICK GLEASON**
P.O. Box 175
Gazelle, CA 96034
(530) 949-1719

        Plaintiff, *Pro Se*

**JOHN KROGER**

1 - ORDER

Attorney General
**JAMES S. SMITH**
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301
(503) 378-6313

      Attorneys for Defendants

**BROWN, Judge.**

    This matter comes before the Court on Defendants' Motion (#58) for Attorney Fees and Defendants' Bill of Costs (#61). For the reasons that follow, the Court **DENIES** Defendants' Motion for Attorney Fees, **GRANTS** Defendants' Bill of Costs, and awards costs to Defendants in the amount of **$663.80**.

### BACKGROUND

    Plaintiff Patrick Gleason's racing license from the Oregon Racing Commission expired in 1994.

    On May 15, 2004, Plaintiff completed a Multi-Jurisdictional License Application with the Oregon Racing Commission (ORC) to renew his racing license. Plaintiff completed the Application and provided additional answers to questions on a separate sheet of paper, which he attached to the Application.

    One or two weeks after Plaintiff submitted his Application, Plaintiff alleges he was contacted by an employee of the ORC who asked Plaintiff questions about his Application. Plaintiff

alleges the ORC employee changed some of the answers that Plaintiff provided on his Application.

On May 6, 2006, one of Plaintiff's horses won the Oregon Derby. On May 9, 2006, Plaintiff received a Notice to Appear before the ORC's Board of Stewards. The Notice contained allegations that Plaintiff did not fully disclose his prior arrest and conviction record or his previous "record of rulings" on his Application.

On May 24, 2006, Plaintiff appeared before the Board of Stewards. At some point after the hearing, the Board of Stewards advised Plaintiff that his racing license had been suspended and that the Board of Stewards intended to refer the matter to the ORC for revocation of Plaintiff's racing license.

Plaintiff appealed the decision and sought a stay of the suspension. The ORC denied Plaintiff's request for a stay and referred Plaintiff's appeal to an Administrative Law Judge (ALJ) for a hearing.

The ALJ took evidence and concluded Plaintiff's license should be suspended. Plaintiff filed "exceptions" to the ALJ's decision and appealed the matter to the ORC. The ORC denied Plaintiff's appeal and recommended revocation of Plaintiff's license in a proposed order.

Plaintiff appealed the ORC's proposed order. On June 28,

2007, the ORC issued a final order revoking Plaintiff's racing license.

On August 17, 2007, Plaintiff appealed the ORC's final decision with the Oregon Court of Appeals pursuant to Oregon Revised Statute § 183.482.

While Plaintiff's appeal was pending, Plaintiff filed an action in Multnomah County Circuit Court on April 17, 2008, against the State of Oregon through the ORC and two stewards, the Executive Director, the Chief Investigator, another investigator, and various members of the ORC. In his Complaint, Plaintiff alleged Defendants violated his rights under 42 U.S.C. § 1983 when they "willfully, knowingly and intentionally suspended and revoked plaintiff's racing license."

On May 7, 2008, Defendants removed the action to this Court on the basis of federal-question jurisdiction.

On May 30, 2008, Plaintiff filed an Amended Complaint to include a request to remove the State of Oregon as a Defendant in this matter.

On September 19, 2008, Defendants filed a Motion to Abate Based Upon *Younger* Abstention Doctrine.

On November 5, 2008, the Court granted Defendants' Motion to Abate and ordered this matter abated pending conclusion of Plaintiff's appeal before the Oregon Court of Appeals.

On January 6, 2010, the Oregon Court of Appeals affirmed the

decision of the ORC and dismissed Plaintiff's appeal.

On December 3, 2010, the Court entered an Opinion and Order granting Defendants' Motion for Summary Judgment as to all of Plaintiff's claims on the ground that they were barred by the doctrine of claim preclusion. On that same day, the Court entered a Judgment dismissing this matter with prejudice.

On December 17, 2010, Defendants filed a Motion for Attorney Fees and a Bill of Costs. Plaintiff did not file a response to Defendants' Motion. On March 3, 2011, the Court issued an Order directing Defendants to file by March 15, 2011, supplemental documentation supporting their request for attorneys' fees.

### DEFENDANTS' MOTION (#58) FOR ATTORNEY FEES

**I.   Standards**

42 U.S.C. § 1988(b) provides in pertinent part: "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs."

"The Supreme Court has instructed that a prevailing defendant in a § 1983 action is entitled to an attorney's fees award under § 1988 only when the plaintiff's action is 'frivolous, unreasonable, or without foundation.'" *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1060 (9th Cir. 2006)

5 - ORDER

(quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).  When determining "whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid '*post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'"  *Id*. (quoting *Warren v. City of Carlsbad*, 58 F.3d 439, 444 (9th Cir. 1995)).

## II.  Analysis

Plaintiff alleged Defendants violated his rights under § 1983 when they "suspended and revoked plaintiff's racing license."  As noted, the Court ultimately concluded Plaintiff's claim was barred by the doctrine of claim preclusion and dismissed Plaintiff's action on that basis.  The Court notes, however, most courts that have addressed the issue have concluded dismissal based on the doctrine of claim preclusion or *res judicata* is not a proper basis for an award of attorneys' fees under § 1988.  As one court noted:

> Considering that these doctrines involve a complex analysis of subtle legal deficiencies that many lawyers do not fully comprehend, it cannot be said that Plaintiffs' failure to understand the myriad of factual and legal issues surrounding the application of these doctrines means that their suit was frivolous.  Awarding attorneys' fees on the basis of the fact that the suit was dismissed based largely on the application of *res judicata* would be an incorrect application of the legal standard on frivolous suits under 42 U.S.C. § 1988.

*Cascella v. Canaveral Port Dist.*, No. 604CV1822ORL19DAB, 2006 WL

66719, at *5 (M.D. Fla. Jan. 10, 2006). *See also Dubuc v. Green Oak Twp.*, 312 F.3d 736, 755-56 (6th Cir. 2002)(district court abused its discretion when it awarded attorneys' fees under § 1988 because the issue of claim preclusion was not so "clear cut" as to render the plaintiff's action frivolous under the meaning of § 1988); *Chester v. St. Louis Housing Auth.*, 873 F.2d 207, 209 (8th Cir. 1989)(merely relying on *res judicata* as a basis for an attorneys' fees award under § 1988 was insufficient because *res judicata* involves difficult procedural rules).

Here the issue of claim preclusion involved an analysis of the legal theory of Plaintiff's case and whether Plaintiff could have brought his claims before the ORC or the Oregon Court of Appeals. In addition, Plaintiff appears *pro se.* Like the *Cascella* court, the Court cannot find under these circumstances that Plaintiff's action was frivolous, unreasonable, or without foundation based on his failure to understand the myriad of factual and legal issues surrounding the application of the doctrine of claim preclusion.

Accordingly, in the exercise of its discretion, the Court concludes Defendants have not established they are entitled to attorneys' fees under § 1988, and, therefore, the Court denies Defendants' Motion for Attorney Fees.

7 - ORDER

**DEFENDANTS' BILL OF COSTS (#61)**

Defendants request costs in the amount of $663.80 comprised of the fee to file this action, a docketing fee, and copying costs.

I.   **Standards**

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law.  *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

As noted, costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court

8 - ORDER

directs otherwise.  Fed. R. Civ. P. 54(d).  The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute.  *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010).  *See also Haagen-Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990)(citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987)).

**II. Analysis**

Plaintiff did not file any response or objection to Defendants' Bill of Costs, and Defendants' requested costs are within the parameters of § 1920.

On this record, therefore, the Court, in the exercise of its discretion, awards costs to Defendants in the amount of **$663.80.**


## CONCLUSION

For these reasons, the Court **DENIES** Defendants' Motion (#58) for Attorney Fees, **GRANTS** Defendants' Bill of Costs (#61), and

9 - ORDER

awards costs to Defendants in the amount of **$663.80**.

    IT IS SO ORDERED.

    DATED this 15th day of April, 2011.

                                         /s/ Anna J. Brown

                                      ANNA J. BROWN
                                      United States District Judge